**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**RUDOLPH ZACCAGNINI,**

    **Plaintiff,**      **CIVIL ACTION NO. 17-cv-10498**

   **v.**        **DISTRICT JUDGE GEORGE CARAM STEEH**

**COMMISSIONER OF**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

   Plaintiff Rudolph Zaccagnini seeks judicial review of Defendant Commissioner of Social Security's determination that he is not entitled to social security benefits for his physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 14) and Defendant's Motion for Summary Judgment (docket no. 16). Plaintiff has also filed a reply brief in support of his Motion for Summary Judgment. (Docket no. 17.) The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 4.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I.  RECOMMENDATION**

   For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 14) be **DENIED** and Defendant's Motion for Summary Judgment (docket no. 16) be **GRANTED**.

## II.     PROCEDURAL HISTORY

Plaintiff protectively filed applications for a period of disability, disability insurance benefits, and supplemental security income on June 6, 2014 and June 20, 2014, respectively, alleging that he has been disabled since December 18, 2013, due to bipolar disorder, diabetes, back pain, obesity, and neuropathy.   (TR 29, 92-100, 102, 438-50.)   The Social Security Administration denied Plaintiff's claims on October 13, 2014, and Plaintiff requested a *de novo* hearing.  (TR 26-27, 29-43, 450.)  On February 23, 2016, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) Timothy C. Scallen.  (TR 459-88.)    The ALJ subsequently issued an unfavorable decision on April 27, 2016, and the Appeals Council declined to review the ALJ's decision.   (TR 4-8, 15-25.)   Plaintiff then commenced this action for judicial review, and the parties filed cross motions for summary judgment, which are currently before the Court.

## III.    HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff (docket no. 14 at 5-9) and the ALJ (TR 18-19, 20-23, 24-25) have set forth detailed, factual summaries of Plaintiff's medical record and the hearing testimony.  Defendant incorporates the ALJ's recitation of the facts into her brief.  (Docket no. 16 at 4.)  Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also make references and citations to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV.    ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of December 18, 2013, and that Plaintiff suffered from the following severe impairments: diabetes mellitus, degenerative disc disease of the lumbar spine, obesity, and bipolar disorder.  (TR 17.)  The ALJ also found that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (TR 18-19.)  The ALJ then found that Plaintiff had the following residual functional capacity (RFC):

> [C]laimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except limited to occasional climbing of stairs and ramps; no climbing of ladders, ropes, or scaffolds; frequent stooping, kneeling, crouching, and crawling; no unprotected heights or moving machinery; simple, routine, and repetitive tasks and a low stress environment (i.e., no more than minimal changes with the workplace responsibilities and procedures); and occasional contact with the public.

(TR 19-24.)  Subsequently, in reliance on the vocational expert's (VE's) testimony, the ALJ determined that Plaintiff was capable of performing a significant number of jobs in the national economy.  (TR 24-25.)  Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from December 18, 2013, through the date of the decision.  (TR 15, 25.)

## V.    LAW AND ANALYSIS

### A.    Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions.  Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is more than a scintilla but less than a

preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528.  It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility.  *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").  "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'"  *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B.    Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis.  In the first four steps, Plaintiff was required to show that:

(1)    Plaintiff was not presently engaged in substantial gainful employment; and

4

      (2)      Plaintiff suffered from a severe impairment; and

      (3)      the impairment met or was medically equal to a "listed impairment;" or

      (4)      Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f).  If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work.  If not, Plaintiff would be deemed disabled.  *See id.* at § 404.1520(g).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform."  *Her*, 203 F.3d at 391.  To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs."  *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987).  This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'"  *Id.* (citations omitted).

    **C.**    **Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)."  *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)).  Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the

decision of the [Commissioner], with or without remanding the cause for a hearing.  42 U.S.C. § 405(g).  Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration."  *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at \*8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed and/or remanded under sentence four because (1) "the ALJ's Step 3 determination is improper and not supported by substantial evidence;" and (2) "the ALJ failed to obtain an expert medical opinion on the issue of medical equivalency."  (Docket no. 14 at 10, 11-18.)

### *1.    The ALJ's Step-Three Determination*

Plaintiff challenges the ALJ's determination at step three of the sequential evaluation process that Plaintiff's impairments do not meet or medically equal Listing 1.04A.  (Docket no. 14 at 11-16.)  At the third step of the sequential evaluation process, a claimant will be deemed presumptively disabled and eligible for benefits if his impairment meets or medically equals one of the listings in the Listing of Impairments.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). A claimant must satisfy all of the criteria to meet a listing, or have impairments that are medically equivalent to or equal in severity and duration to the criteria of a listed impairment. *Id.*; *Rabbers v. Comm'r,* 582 F.3d 647, 653 (6th Cir. 2009).  "Moreover, all of the criteria must be met concurrently for a period of twelve continuous months."  *McKeel v. Comm'r of Soc. Sec.*, No. 14-cv-12815, 2015 WL 3932546, at \*8 (E.D. Mich. June 26, 2015) (citing 20 C.F.R. § 404.1525(c)(3), (4); 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00D ("[b]ecause abnormal physical findings may be intermittent, their presence over a period of time must be established by a record of ongoing management and evaluation")).  It is the claimant's burden to demonstrate that she meets or equals a listed impairment at the third step of the sequential evaluation process.  *Foster*

*v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001). ("A claimant must demonstrate that her impairment satisfies the diagnostic description for the listed impairment in order to be found disabled thereunder."). "When considering presumptive disability at Step Three, an ALJ must analyze the claimant's impairments in relation to the Listed Impairments and give a reasoned explanation of his findings and conclusions in order to facilitate meaningful review." *Christephore v. Comm'r of Soc. Sec.*, No. 11-13547, 2012 WL 2274328, at *6 (E.D. Mich. June 18, 2012) (citing *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011)).

Here, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (TR 18-19.) With regard to Plaintiff's physical impairments, the ALJ explained:

> The claimant's arthralgias failed to meet or medically equal Listings 1.00 of the Appendix 1 impairments. The record, consistent with the findings below, does not demonstrate, major dysfunction of a joint (1.02), reconstructive surgery or surgical arthrodesis of a major weight-bearing joint (1.03), or disorders of the spine (1.04). The claimant also has no indication of any amputation (due to any cause) (1.05), fracture of the femur, tibia, pelvis, or one or more of the tarsal bones (1.06), fracture of an upper extremity (1.07), or soft tissue injury (e.g., burns) (1.08). Accordingly the undersigned finds the claimant's arthralgias failed to meet or medically equal listing level severity.

(TR 18.)

Plaintiff argues that the ALJ's cursory determination that the record does not demonstrate disorders of the spine under Listing 1.04 lacks the requisite analysis or explanation to allow the court to conduct a meaningful review and thus requires a remand. (Docket no. 14 at 12-14.) Defendant, citing *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014), argues that any error by the ALJ in reaching a summary conclusion at step three of the sequential analysis was harmless because the ALJ's discussion of the medical evidence in the RFC section

7

of the decision identified findings to support the conclusion and satisfy the step three analysis requirements.  (Docket no. 16 at 9-10.)  Defendant is correct.

"The Sixth Circuit has expressly declined to adopt a blanket rule that remand is required whenever an ALJ 'provides minimal reasoning at step three of the five-step inquiry.'"  *Wischer v. Comm'r of Soc. Sec.*, No. 1:13-cv-810, 2015 WL 518658, at *12 (S.D. Ohio Feb. 6, 2015), *report and recommendation adopted sub nom. Wischer ex rel. Ernst v. Comm'r of Soc. Sec.*, No. 1:13-cv-810, 2015 WL 1107543 (S.D. Ohio Mar. 11, 2015) (quoting *Forrest*, 591 F. App'x at 365)).  In *Forrest*, the court upheld the ALJ's step-three determination, despite the fact that the ALJ's supporting analysis was sparse, because the ALJ "made sufficient factual findings elsewhere in his decision to support his conclusion at step three."  *Id.*, 591 F. App'x at 366 (citing *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006) ("looking to findings elsewhere in the ALJ's decision to affirm a step-three medical equivalency determination, and finding no need to require the ALJ to 'spell out every fact a second time'") and *Burbridge v. Comm'r of Soc. Sec.*, 572 F. App'x 412, 417 (6th Cir. 2014) (Moore, J., dissenting) ("acknowledging that an ALJ's step-three analysis was 'cursory' but suggesting that, under our precedent, it is enough for the ALJ to support his findings by citing an exhibit where the *exhibit* contained substantial evidence to support his conclusion") (emphasis in original)).

Here, the ALJ discussed Plaintiff's spinal impairments in specific enough terms later in his decision to make it clear that Plaintiff did not meet the criteria of Listing 1.04A.  Under Listing 1.04A, disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture) are defined as those:

> resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Part 404, Subpart P, Appendix 1, Section 1.04.  For a disorder of the spine to meet Listing 1.04A, "the simultaneous presence of all of the medical criteria in paragraph A must continue, or be expected to continue, for a continuous period of at least 12 months."  Social Security Acquiescence Ruling (AR) 15-1(4), 80 FR 57418-02, 2015 WL 5564523, at *57420 (Sept. 23, 2015) (citing 20 C.F.R. §§ 404.1525(c)(4), 416.925(c)(4)).  Stated differently, when the paragraph A criteria "are scattered over time, wax and wane, or are present on one examination but absent on another, the individual's nerve root compression would not rise to the level of severity required by listing 1.04A."  *Id.*

In assessing Plaintiff's physical RFC, the ALJ noted Plaintiff's testimony that he experiences chronic low back pain that radiates down his left leg, which he rated as a 6 to 7 out of 10.  (TR 22.)  The ALJ then stated that there is nothing in the medical evidence of record to corroborate Plaintiff's claims, pointing out that there are no reports of treatment for physical ailments in the record since the alleged onset date.   Next, the ALJ discussed the "overwhelmingly normal" results of Plaintiff's consultative examination, which reflect no motor or sensory deficits and a full range of motion in all joints aside from a slightly decreased range of motion in the lumbar spine.  (TR 22 (citing TR 185-86).)    The ALJ also discussed Plaintiff's November 5, 2014 MRI of the lumbar spine, noting that it showed only mild to moderate changes at L4-S1 with no spinal stenosis.  And the ALJ pointed out that Plaintiff's treating

physicians told him that the MRI findings were not consistent with his complaints and recommended conservative treatment and physical therapy rather than surgery.  (TR 22-23.)

> Additionally, ALJ considered and discussed Plaintiff's treatment records as follows:
>
> The medical records which were submitted after the hearing show he initially had no musculoskeletal complaints and all findings were negative on examination in August 2014 (6F/60, 63).  The claimant did complain of back pain with pain radiating to the left hip at a visit [in] November 2014, but he denied experiencing any radiating pain on subsequent visits (6F/12, 55).  Additionally, there was never any related numbness or weakness in the leg.  And the claimant never had any focal neurological deficits or difficulty walking (6F/53).  The only positive finding on any of the examinations was muscle spasms in the low back on one occasion during the entire 1.5 years of treatment (6F/53, 55).

(TR 22.)  The ALJ further noted that Plaintiff's most recent treatment records show that, even though he failed to exercise as directed, Plaintiff continued to have normal musculoskeletal examinations with a normal range of motion and sensation and no numbness, weakness, swelling, or motor deficits and that Plaintiff continued to experience no pain while walking.  (TR 23.)  The ALJ's discussion of the record evidence related to Plaintiff's spinal impairments in evaluating Plaintiff's RFC sufficiently explains and clarifies the ALJ's step-three finding that Plaintiff's impairments do not meet the criteria of Listing 1.04A.  The ALJ's discussion is not so deficient as to preclude meaningful review and is supported by substantial evidence in the record.

To the extent that Plaintiff also argues that the ALJ's step-three determination is erroneous because there is evidence in the record to support a finding that his impairments meet Listing 1.04A, this argument fails.  (*See* docket no. 14 at 14-15.)  In his Motion, Plaintiff cites to a January 22, 2016 medical source statement submitted by Monica Nicola, M.D., who assessed low back tenderness, decreased range of motion with bending, and decreased sensation in the fingers and toes.  (*Id.* (citing TR 334).)  He also cites the records from his September 26, 2014

consultative examination, in which the examiner noted a decreased range of motion in the lumbar spine and a positive straight leg raise test. (*Id*. at 14 (citing TR 184).) Additionally, Plaintiff points to an October 15, 2014 physical examination at which lumbar spine abnormalities, low back tenderness, and a positive straight leg test were noted. (*Id*. (citing TR 384).) And Plaintiff describes the results of his November 5, 2014 MRI of the lumbar spine as noting degenerative disc disease of L4-5, disc protrusion at L5-S1 with mass effect upon the thecal sac, and mass effect upon the bilateral L5 nerve roots and right S1 nerve root. (*Id*. (citing TR 347).)

The evidence cited by Plaintiff certainly meets some of the medical criteria of Listing 1.04A, but it does not establish a simultaneous presence of all of the criteria, as is required to meet the Listing. *See* AR 15-1(4), *supra*. Notably, at the September 26, 2014 consultative examination and the October 15, 2014 physical examination, the examiners noted that Plaintiff did not exhibit any motor, sensory, or reflex loss. (TR 185, 384.) Plaintiff's Motion should therefore be denied with regard to this issue.

2.      *The Need for an Expert Medical Opinion Regarding Medical Equivalency*

Next, Plaintiff contends that the ALJ should have obtained an updated expert medical opinion regarding medical equivalency for Listing 1.04A because the evidence on which the state-agency medical consultant relied to form his opinion on medical equivalency predates Plaintiff's November 5, 2014 MRI of the lumbar spine. (Docket no. 14 at 16-17.) Social Security Ruling 96-6p states that an ALJ "must obtain an updated medical opinion from a medical expert . . . [w]hen additional medical evidence is received that in the opinion of the administrative law judge . . . may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of

Impairments."  SSR 96-6p, 1996 WL 374180, at *3-4 (S.S.A. July 2, 1996).  But in order for the ALJ's decision to be erroneous based upon his failure to seek an updated medical opinion, Plaintiff has to show that the additional evidence does, in fact, call for an updated opinion.  *See Kelly v. Comm'r of Soc. Sec.*, 314 F. App'x 827, 830 (6th Cir. 2009).

Plaintiff has not met his burden in this regard.  While Plaintiff points out that the November 5, 2014 MRI of his lumbar spine reveals degenerative disc disease of L4-5, disc protrusion at L5-S1 with mass effect upon the thecal sac, and mass effect upon the bilateral L5 nerve roots and right S1 nerve root (docket no. 14 at 17 (citing TR 347)), he has failed to set forth any further argument or analysis that shows that the MRI results would change the state-agency medical consultant's finding that Plaintiff's impairments do not meet or medically equal Listing 1.04.  Most critically, the MRI evidence does not cure the fact that the record evidence as a whole does not reflect a simultaneous presence of nerve root compression characterized by neuro-anatomic distribution of pain, limited range of motion of the spine, motor loss, sensory or reflex loss, and sitting and supine positive straight-leg raising tests, which is explicitly required to meet Listing 1.04A.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied.

## VI.     CONCLUSION

For the reasons stated herein, the court should **DENY** Plaintiff's Motion for Summary Judgment (docket no. 14) and **GRANT** Defendant's Motion for Summary Judgment (docket no. 16).

## <u>REVIEW OF REPORT AND RECOMMENDATION</u>

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated:  February 15, 2018          s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

13

## <u>PROOF OF SERVICE</u>

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated:  February 15, 2018   <u>s/ Leanne Hosking</u>
          Case Manager